WESTERN Drs. September,1841.

BABCOCK ET AL. vs. BRASHEAR.

The incapacity of surviving partners, to sue without obtaining authority or joining the representatives of the deceased, need not be specially denied. It may be assigned as error.

---

## BABCOCK ET AL. vs. BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST, MARY, THE JUDGE THEREOF PRESIDING.

The representatives of the deceased partner must be joined, or authority from the Court of Probates obtained, in a suit by the surviving partners, due the partnership.

This is an action against the surety in a curator's bond. The plaintiffs, Charles Gardiner and R. Watson, sue as the surviving partners of Babcock, Gardiner & Co., for a debt due said firm, from the estate of R. S. Barr, deceased, of which the

de°en°ant is surety i› the curator's bond. The plaint'ff; allege said surety is liable for the mis-management of said estate by the curator, and they pray judgment for the amount of their claim.

WESTERN DIS.
*September*,1841.

BABCOCK ET AL.
·*vs.*
BRASHEAR.

The defendant pleaded the general issue, and set up some special matters in defence, but said nothing as to the capacity of the plaintiffs to sue. There was judgment for the plaintiffs, and the defendant appealed.

*Splane,* for the plaintiffs, 'insisted on the affirmance of the judgment.

*Dwight,* contra, assigned errors apparent on the face of the record ; and one was, that the plaintiffs had no capacity to recover ; having sued as the surviving partners, without joining the representatives of the deceased partner, &c.

*Morphy, J.* delivered the opinion of the court.

This case is not to be distinguished from that of Hyde & Co. vs. Brashear, this day decided ; ante 402. It must be viewed as precisely similar to that case, and receive the same judgment.

It is therefore ordered, that the judgment of the District Court be annulled, avoided and reversed; and that there be judgment against the plaintiffs as in a case of non-suit, with costs in both courts.